GRANDIN *v*. MILLIKIN ET AL.

*Wills — Devise to four children — Share of deceased child, without issue, to vest in survivors — Executory devises — Rights of husband of deceased heir under will of wife — Partition.*

A testator by one item of his will gave and bequeathed the residue of his entire estate to his children, share and share alike, and in the next item provided that should any of such children die without issue the portion going to such child should vest in the surviving child or children. One child died without issue, after the death of the testator, but leaving a husband surviving, and by her will she devised all her estate to her husband. *Held:* That an estate in fee vested in each of the devisees, but determinable as to each child on the contingency of his or her dying without issue, and that upon the death of any of said children, without issue at the time of such death, the portion provided for such child then passed to and vested in the surviving children; and, hence, that the will of the deceased child did not operate to convey any interest to her surviving husband.

(Decided February 15, 1918.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Robert J. Shawhan,* for plaintiff.
*Messrs. Brandon & Ivins,* for Lewis Kirtley Torbet, defendant.

JONES, P. J. This is an action for partition, and was heard in this court on appeal.

The land sought to be partitioned is a part of the real estate devised under the will of Calista B. Eastman, and the case involves a construction of the 4th and 5th clauses of that will, which are in the following words:

"4th. I give and bequeath to my Daughters Eliza Mary Torbet, Rachel Eastman, and Sarah

Elizabeth Grandin, and to my Son Harry Eastman Jr. the remainder and residue of all my property Real Personal and Mixed Share and Share alike.

"5th. I do hereby give and bequeath—in case of the death of any of my said children Eliza Mary, Rachel, Sarah Elizabeth, and Harry, without issue, that the portion going and belonging to my estate to said child or children vest in the surviving child or children as above named Share and Share alike."

There is no question but that the fourth clause of this will, if it stood alone, and were not in any way modified or changed by the fifth clause, would carry a fee simple in this real estate to each of the four children named therein. The question therefore is what effect is to be given the fifth clause of this will.

Said testator died January 25, 1916, leaving surviving her all four of her children named in the fourth and fifth clauses, said Rachel Eastman having in the meantime married and become Rachel Eastman Millikin.

Eliza Mary Torbet died September 4, 1916, without issue, leaving a husband surviving her, and leaving a will in which she devised all her estate to her husband, Lewis Kirtley Torbet, who now claims an undivided one-fourth in the real estate described in the petition.

It is contended on behalf of plaintiff, and perhaps some of the defendants, that the effect of the fifth clause of this will was to make the fee simple estate of Eliza Mary Torbet determinable on the contingency of her dying without issue, and, on the happening of such contingency, to vest the un-

divided one-fourth of said real estate in the three survivors by way of an executory devise.

The part of the will under construction is very similar in its terms to that found in *Taylor* v. *Foster's Admr. et al.,* 17 Ohio St., 166, which provided:

" 'Secondly: I will that the children of the body of my niece, J. F., shall be my only heirs. I therefore hereby give and bequeath to the said children, namely, J. M. F., R. R. F., S. C. F., J. W. F., and C. R. F., all my estate, both real and personal.

" 'Thirdly: It is my will that if any of the children of my niece named in the second place should die without issue, that the share or shares of such decedent or decedents shall be equally divided among the survivors of them.' "

The court there held:

"That as to the real estate of the testatrix held by her in fee, there was vested in each of her devisees, in common with the others, an estate in fee simple, but determinable, nevertheless, as to each of them, on the contingency of his or her dying without issue; that on the happening of such contingency, the estate of the decedent or decedents passed to the survivor or survivors by way of executory devise; and that on the death, without issue, of either of the devisees who, under the provisions of the will, had succeeded to a portion of the share of a prior decedent, the portion or portions to which he had thus succeeded was subject to the same contingency as his original share, and passed to the survivor or survivors in like manner."

This case aptly states the law applicable to the case at bar, and it was before the court again, as

reported in 22 Ohio St., 255. It is one of a number of cases that lay down the same rule, which is clearly the law of Ohio. Among these cases are: *Parish's Heirs* v. *Ferris et al.,* 6 Ohio St., 563; *Niles et al.* v. *Gray et al.,* 12 Ohio St., 320; *Smith* v. *Hankinson et al.,* 27 Ohio St., 371; *Piatt* v. *Sinton et al.,* 37 Ohio St., 353; *Durfee* v. *Mac Neil, etc.,* 58 Ohio St., 238, and *Walker* v. *Walker et al.,* 20 C. C., 409.

It is hardly necessary to take up and discuss these cases, but they all seem clearly to require that the construction of the fifth clause of this will, by the court, should be that the intention of the testator was to provide that in the case of the death of any one of said four children, whenever that death might occur without issue at the time of such death, the portion provided for such child should then pass to and vest in said surviving children.

Such being the construction we are called upon to give to this clause, the interest of Eliza Mary Torbet ceased upon her death without issue; and her will did not operate to convey any interest to her surviving husband. The one-fourth interest which she previously had became vested in the other three children, to-wit, Rachel Eastman Millikin, Sarah Elizabeth Grandin and Harry Eastman; and upon the subsequent death of any of these three without issue, the share then held by such child, together with the part received by reason of the death of Mrs. Torbet without issue, will in like manner pass to the survivors.

Reliance is placed by the defendant Torbet upon the case of *Baker* v. *McGrew,* 41 Ohio St., 113, for a contrary construction. This case seems to be

contrary to all of the other cases found in the Ohio reports. It was decided by the supreme court commission without any reference to the other cases which have been cited above, and the decision seems to be based upon a finding of intention contrary to the general rule based upon the peculiar wording of the will then under consideration. We do not feel that it is applicable to the case at bar, and especially so when the weight of authority as above stated is considered.

It is therefore held by the court that plaintiff is now seized of an undivided one-third of the real estate described in the petition, in fee simple, determinable, however, in the event of her death without issue; and that the defendants Rachel Eastman Millikin and Harry Eastman are each entitled to an undivided one-third of said real estate, held upon similar title. Such a construction evidently carries out the intention shown by testator to keep her property within the ownership of these four children and their immediate issue.

As the parties are now entitled to the possession of said property in severalty, although their respective titles are not in fee simple absolute, they are entitled, if they so desire, to a partition (Section 12026, General Code), for which a decree may now be taken.

*Decree in partition awarded.*

GORMAN, J., concurs.
HAMILTON, J., not participating.